In re SCR TRUST, Debtor.

Bankruptcy No. 82–00093.

United States Bankruptcy Court,
M. D. Louisiana.

March 23, 1982.

Joseph R. Raggio, Baton Rouge, La., for debtor.

A. LEON HEBERT, Bankruptcy Judge.

REASONS FOR JUDGMENT

The above-named trust has filed a petition seeking relief under the provisions of Chapter 11 of the Bankruptcy Code. That petition was filed on February 12, 1982, and subsequently amended on February 26, 1982, to change the heading in order to show that the trustee who filed the petition was not filing seeking relief as an individual.

The Court, upon review of the trust documents which were appended to the original petition for relief, raised the question *sua sponte* as to whether or not a trust created under Title 9, §§ 1721, et seq., of the Louisiana Revised Statutes is eligible for relief

---

under the Bankruptcy Code of 1978, and ordered a hearing calculated to determine the jurisdiction of this Court over a private trust. The hearing was held this date, and testimony was adduced to show the nature of the operations engaged in by the SCR Trust.

Mr. Donald G. Gallent, a certified public accountant, was offered as an expert witness to show the requirements for the trust filing a fiduciary return with the Internal Revenue Service. He indicated that he filed the first such return in 1976, and that subsequent returns were filed but not by him and that the trust had paid taxes to the Internal Revenue Service on its income.

Mr. Charles E. Quin, Trustee, and also one of the grantors of this Trust for the benefit of his children, was sworn and testified concerning the activities of the SCR Trust since its formation. At the outset, he informed the Court that the Trust was a vehicle designed to extricate him from certain tax problems and from the failure of a corporation which was in Chapter XI proceedings in this Court. The initial grant made by the grantors to the Trust for the benefit of the children was the sum of $2500. A recitation of the numerous transactions engaged in by the trustee has been placed into the record, but basically it shows the acquisition of real estate, the formation of corporations owned by the Trust and financial transactions with the majority of banks in the City of Baton Rouge. On each of these financial transactions, Mr. Quin was required to endorse personally to guarantee the payment of the debts in addition to his liability for the debts of the Trust as the Trustee. In his testimony, he characterized the operations in the editorial "we" and did not refer to his activities as the "Trustee."

## FINDINGS OF FACT

The Court concludes from the testimony of both Mr. Gallent and Mr. Quin that the SCR Trust has been operated and used as the "alter ego" of Charles E. Quin and that its purpose was to extricate him from his personal financial difficulties. A review of that testimony in detail would serve no purpose here and since an appeal is anticipated in this case, we recommend to the appellate court the reading of that testimony.

## CONCLUSIONS OF LAW

Title 9, § 1722 of the Louisiana Trust Code simply states that, "Express private trusts are hereby authorized subject to the rules prescribed in this Code." Section 1731 of the same Title defines an inter vivos trust created under the Louisiana Trust Code as follows:

"A trust, as the term is used in this Code, is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another."

The definition notably omits any reference to the trust as a business and it is the conclusion of this Court that a business trust is not authorized under the Louisiana Trust Code.

In support of the conclusions reached by this Court that this Trust is not eligible as a petitioner in bankruptcy, the Court has reviewed the definitional requirements contained in § 101 of the Bankruptcy Code and notes that nowhere is a personal trust authorized to become a petitioner in a Chapter 11 proceeding. Since this Trust can only be a personal trust under the law which allowed its creation, the engagement in numerous business activities cannot serve to convert it into a business trust which is defined as an entity under 11 U.S.C. § 101(8)(A)(v).

To further buttress the conclusion that this Trust is not an entity under the Bankruptcy Code, the Court simply relies upon § 1731 of the Louisiana Trust Code (LSA–R.S. 9:1731) which defines the trust as a relationship resulting from the transfer of property to a person to be administered by him as a fiduciary for the benefit of another. The conclusion is inescapable that the SCR Trust does not meet the requirements of a business trust and therefore cannot be a petitioner in Chapter 11 proceedings. Dismissal is therefore ordered.